FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 2 2 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HAROLD L. MORRIS JR.,

Plaintiff,

v.

No. CIV-03-1455 RB/ACT

STATE OF NEW MEXICO,

Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was arrested without being advised of his rights according to *Miranda v. Arizona*, 384 U.S. 436 (1966). The State of New Mexico is the only named Defendant, although two individuals are mentioned in text. Plaintiff seeks release from incarceration

and damages.

Plaintiff's allegations do not support a damages claim under 42 U.S.C. § 1983. "The law in this circuit is clear . . . that the only remedy available for a *Miranda* violation is the suppression of any incriminating statements." *Lewis v. Nelson*, No. 96-3400, 1997 WL 291177, at **3 (10th Cir. June 2, 1997) (citing *Bennet v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976)). "No rational argument can be made in support of the notion that the failure to give *Miranda* warnings subjects a police officer to liability under the Civil Rights Act." *Bennet*, 545 F.2d at 1263. The *Miranda* claim for damages will be dismissed.

Plaintiff's claim for release from incarceration could be construed as an application for writ of habeas corpus. *Rhodes v. Hannigan*, 12 F.3d 989, 992 (10th Cir. 1993) ("a § 1983 action and a habeas corpus action can be joined"). Habeas relief is not available because Plaintiff does not allege that he has pursued or exhausted state habeas corpus remedies. Nor does he allege that his incarceration actually resulted from denial of his constitutional protection against self-incrimination. This claim will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's complaint be DISMISSED; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), a form of judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE